IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER OCHOA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 3423 |
| vs. ) | |
| ) | |
| ROBERT P. MISTOVICH, ) | |
| ) | Magistrate Judge Schenkier |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On May 4, 2012, plaintiff filed a three-page, one count complaint alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act"). Through a settlement conference conducted with this Court on October 3, 2012, the parties reached a resolution of the case. The parties resolved the plaintiff's claim for damages under the Act by the defendant agreeing to pay plaintiff $300.00; that amount has been paid. The parties further agreed that defendant would pay to plaintiff attorneys' fees and costs of an unspecified amount not to exceed $6,650.00; that they would attempt to reach agreement on the specific amount; and, that if they could not reach agreement, the parties would submit the question to the Court for a binding ruling, from which neither party would appeal.

The parties were unable to reach agreement on the amount of fees and costs to be paid to defendant, and plaintiff therefore has filed a motion for attorneys' fees and costs pursuant to the settlement agreement (doc. # 16). In the motion, plaintiff seeks an award of $6,490.00 in attorneys'

fees and costs. Defendant has filed a response to that motion, asking that the Court award a lesser amount of as little as $1,500.00 but no more than $2,500.00. Pursuant to the consent of the parties, the case has been assigned to this Court for all proceedings, including the entry of final judgment (doc. ## 14, 18). Upon consideration of the submissions of the parties, the Court awards plaintiff $3,199.00 in attorneys' fees and costs.

## I.

Plaintiff seeks $6,090.00 in fees for the 20.6 hours of time devoted to the case by three attorneys and one paralegal. Specifically, plaintiff seeks: (1) 12.4 hours for attorney Adam Hill, at the hourly rate of $290.00; (2) 3.0 hours for attorney Mahadhi Corzano, at the hourly rate of $290.00; (3) 2.9 hours for attorney John Barker, at the hourly rate of $445.00; and (4) 2.3 hours for paralegal Moira Roth, at the hourly rate of $145.00.

In determining a reasonable amount of fees to award, our starting point is the "lodestar analysis," *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011), which requires us to multiply the hours reasonably expended on a matter by the reasonable hourly rates of the attorneys involved. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). The number derived by that calculation then may be adjusted based on a number of factors, such as the degree of success involved, *see, e.g., Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999), and the relationship between the lodestar amount and the damages awarded. *Moriarty v. Svec*, 233 F.3d 955, 966 (7th Cir. 2000).

We address each of these factors in turn.

## A.

Plaintiff seeks compensation for the work of three attorneys and one paralegal on this case. At the threshold, we find that this straight-forward, one count, three page complaint did not warrant the attention of three attorneys, all of whom are experienced in this area of the law.

For example, a total of 6.4 hours were devoted by three attorneys to investigating and preparing the complaint – all of the time of Messrs. Barker and Corzano and .5 hours of Mr. Hill's time. The complaint involved one allegedly improper telephone message. Plaintiff preserved that brief message, and a transcript of that four-line message was attached to the complaint. In our judgment, three hours of time would have been sufficient for attorneys experienced in this area of the law to assemble the information and file the complaint. Moreover, the complaint was not of such complexity that it required the attention of Mr. Barker. Either Mr. Hill or Mr. Corzano – who seek approval of the same billing rate, and one that is far less than that of Mr. Barker – had sufficient experience to handle that task.

In addition, we note that of the 1.1 hours of paralegal time devoted to the case prior to suit, .9 hours is described as making revisions to the complaint (Pl.'s Mot., Ex. A (07/27/11 and 05/04/12 entries)). We treat that as work of a secretary, and thus will not compensate plaintiff for using a paralegal for that task. We therefore reduce the amount of paralegal time from 2.3 hours to 1.4 hours.

Finally, Mr. Hill seeks compensation for 11.9 hours of time spent on the case after the complaint was filed and up to the date of the settlement conference. During that time, he attended three in-court status hearings (for which he logged five hours of time); reviewed defendant's answer;

worked on a joint status report for the district judge; prepared initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) as well as discovery to be served on defendant; prepared responses to discovery served by defendant; prepared a letter as required by this Court's standing order for settlement conferences; and engaged in related activities. Defendant (an attorney who elected to represent himself in this matter) suggests that the amount of time logged for status hearings is "somewhat excessive for the case at hand" (Def.'s Ans. at 7). But, defendant does not say how much time he spent in connection with the status hearings, or how much time he claims plaintiff's counsel should have been spent. Based on the submissions, we will not reduce the time that Mr. Hill spent on the matter after the complaint was filed.

Accordingly, we will award plaintiff fees for 11.9 hours of time at Mr. Hill's rate, 3 hours of time at Mr. Corzano's rate, and 1.4 hours of time for paralegal work.

B.

We now turn to the hourly rate at which that time will be paid. Mr. Hill, who graduated from law school in May 2007, seeks an hourly rate of $290.00. Mr. Corzano also seeks an hourly rate of $290.00. Plaintiff's submissions do not state when Mr. Corzano became an attorney, but they do show that he graduated from law school in California and was admitted to the California State Bar in 2008. We therefore consider him to be of comparable experience to Mr. Hill. Finally, plaintiff seeks an hourly paralegal rate of $145.00.[1]

The Seventh Circuit has defined a reasonable hourly rate as one that is "derived from the market rate for the services rendered." *Pickett*, 664 F.3d at 640 (quotations omitted). The rate an

---

[1] We need not address the reasonable hourly rate for Mr. Barker (who claims a $445.00 hourly rate), as we decline to award any hours for his time.

4

attorney charges (and receives from) paying clients for similar litigation is "presumptively appropriate" to use as the reasonable hourly rate. *People Who Care*, 90 F.3d at 1310 (quotations omitted). Here, plaintiff has offered no evidence that the attorneys or paralegal have an established billing rate from paying clients.

In the absence of such evidence, plaintiff must offer the "next best evidence" of the market rate: "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Pickett*, 664 F.3d at 640 (quotations omitted). An attorney's "self-serving affidavit alone cannot establish the market rate for that attorney's services," although may satisfy that burden if offered "in conjunction with other evidence of the rates charged by comparable lawyers." *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000).

Plaintiff has not offered any of these types of evidence. She has offered no evidence that any court has awarded Mr. Hill, Mr. Corzano or Ms. Roth the hourly rates they seek. Nor has she offered any affidavits or declarations by others to show that other attorneys (or paralegals) in the community who engage in their area of practice command the rates the Mr. Hill, Mr. Corzano or Ms. Roth seek. Indeed, while Mr. Hill (but not Mr. Corzano) has offered a declaration in support of the fee request, that declaration attests only to the accuracy of the time records – it does not offer any evidence about the hourly rate he seeks.

In the absence of this evidence, plaintiff has offered the following material to support the attorney and paralegal rates she seeks: (1) a 2010-11 Consumer Law Attorney Fee Survey Report

("Consumer Law Survey"), which shows that the average hourly rate for attorneys with three to five years of experience who work in Mid West Region Firms (which includes Illinois) was $263.00; (2) *The National Law Journal* billing survey for associates and partners in law firms for 2007, which shows that in fiscal year 2004 the average hourly billing rates for associates at six law firms ranged from $195.00 to $288.00; and (3) the Laffey Matrix, which shows that in 2011-12 the recognized hourly billing rate for attorneys with four to seven years of experience was $285.00 (Pl.'s Mot. at 5-6 and Exs. D and E). For the reasons that follow, we find that evidence unpersuasive.

The Seventh Circuit has addressed the utility of the Laffey Matrix, which "is a chart of hourly rates for attorneys and paralegals in the Washington, D.C. area that was prepared by the United States' Attorney's Office for the District of Columbia to be used in fee-shifting cases." *Pickett*, 664 F.3d at 649. The Seventh Circuit did not bar courts within this circuit from using the Laffey Matrix, but noted that the D.C. Circuit, where the Laffey Matrix has its origins, has called the Matrix "'crude' and has recommended that plaintiffs provide affidavits, surveys, and past fees awards to enable the district court to refine the Matrix for the particular attorney." *Id.* Here, plaintiff has not offered affidavits or past fee awards to help refine the Matrix numbers for her attorneys and paralegal. While plaintiff has offered surveys, they are of limited assistance in making that refinement.

*The National Law Journal* survey reports only on the associate billing rates for a handful of law firms in 2004. Many of those law firms are large firms with mainly a corporate clientele, and which handle subject matters far different (and often far more complex) than the straight-forward claim that plaintiff filed here under the Act. Moreover, the average billing rates cover all associates

from the most junior to the most senior, making it difficult to translate the billing rates to associates of a particular level of experience.

The Consumer Law Survey paints with a very broad brush. The Mid West region in which Illinois is included covers a total of 11 states. The average hourly billing rate of $263.00 derived for attorneys of three to five years of experience says little about what the reasonable hourly rates are for Mr. Hill or Mr. Corzano. Indeed, the Consumer Law Survey itself cautions that "the information presented here is for informational purposes only and may or may not be indicative of a particular attorney's reasonable hourly rate without further, more detailed analysis of the available and other data" (Pl.'s Mot., Ex. D at 7-8). Plaintiff has not offered that sort of analysis.

We therefore conclude that the materials offered by plaintiff do not support the $290.00 hourly rate sought for Messrs. Hill and Corzano or the $145.00 hourly rate sought for Ms. Roth. For Messrs. Hill and Corzano, we award an hourly rate of $180.00, which based on the Court's experience is a reasonable hourly rate for those attorneys. As for Ms. Roth, we award an hourly rate of $80.00, which is at the lower end of the range we recognized earlier this year for paralegal time. *See Ragland v. Ortiz*, No. 08 C 6157, Report and Recommendation at 19-22 (N.D. Ill. Feb. 17, 2012). That lower end figure is warranted in light of plaintiff's failure to provide evidence of Ms. Roth's experience or background.

C.

Based on the foregoing analysis, the lodestar calculation would result in a fee award of $2,794.00. That amount consists of $2,682.00 for attorney time (14.9 hours at $180.00 per hour) and

$112.00 for paralegal time ($1.4 hours at $80.00 per hour). We now consider whether that lodestar amount should be reduced. We conclude that it should not be reduced.

Defendant suggests that because the case settled and plaintiff did not obtain a favorable ruling on the merits, the fee should be reduced (Def.'s Ans. at 4-5). We respectfully disagree. As part of the settlement, defendant agreed to pay plaintiff reasonable fees in prosecuting the case. Plaintiff therefore did not have to prevail on the merits in order to be entitled to recover reasonable fees.

Defendant also argues that the fees should be reduced because the claim was of questionable merit as measured by the fact that plaintiff settled for a payment representing only 30 percent of the statutory damages that she should recover if she prevailed on the merits (Def.'s Ans. at 5). We express no view as to the strength of plaintiff's claim. That said, in our experience, the amount that a plaintiff is willing to accept in settlement may reflect factors in addition to – or other than – a lack of confidence in the merit of the claim. A plaintiff may settle cheaply because she has grown weary of the litigation process, or where the maximum potential recovery is very modest in any event. We therefore are not prepared to say that the lodestar figure should be reduced on the ground that plaintiff's claim had questionable merit.

Nor do we find that a reduction is warranted on the ground that the fees generated by the lodestar calculation greatly exceed the recovery. The fees expended in litigating a single plaintiff claim under the Act will almost always exceed the statutory damages ceiling of $1,000.00 by a substantial amount. That is why the statute imposes fee shifting; without it, few attorneys would be motivated to take on these cases. And, we conclude that with the reductions in hours and hourly rates that we have imposed, the fee award is not so out of line with the recovery as to require further reduction.

We therefore will award as fees the full lodestar amount of $2,794.00. We find no basis to quarrel with the costs plaintiff seeks for the cost of filing the complaint ($350.00) and service ($55.00), and so will add them to the fee amount for a total award of $3,199.00.

## CONCLUSION

For the reasons set forth above, we grant plaintiff's motion for attorneys' fees and costs (doc. # 16), but in the reduced amount of $3,199.00. We enter judgment on that award. Pursuant to the parties' settlement, that award is binding and will not be the subject of any appeal. The question of fees and costs now being resolved and the settlement amount being paid to plaintiff, the case is now terminated.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: December 27, 2012